IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Teresa J. Taylor, | Case No. 3:07 CV 2846 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Allen County Sheriff's Department, | |
| Defendant. | |

On September 19, 2007, Plaintiff *pro se* Teresa J. Taylor filed this *in forma pauperis* action against the Allen County Sheriff's Department. A Motion to Amend Complaint (Doc. No. 5) was later filed, and that Motion is now granted.

The Amended Complaint alleges Plaintiff was arrested on menacing charges that were later dropped. While Plaintiff was being escorted to a holding cell, she allegedly was shoved to the ground, her head slammed into the floor, her hair pulled, and she was maced. She further alleges she suffered severe physical and emotional injuries from this incident.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Principles requiring generous construction of *pro se* pleadings are not, however, without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the

material elements of some viable legal theory to satisfy federal notice pleading requirements. *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

A district court is required to dismiss an action under 28 U.S.C. § 1915(e) (2)(B)(ii) if the complaint fails to state a claim on which relief may be granted, or if it lacks "a rational or an arguable basis in law or in fact". *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall* , 898 F.2d 1196, 1198 (6th Cir. 1990).[1]

Governmental entities may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Here, there are no allegations reasonably suggesting that the Sheriff's Department established policies or customs resulting in the violation of Plaintiff's constitutional rights. *Littlejohn v. McCafferty*, 83 Fed.Appx. 705 (6th Cir. 2003) (complaint dismissed under section 1915(e) because it did not identify policy linked to asserted constitutional violation, nor did it show that execution of the policy resulted in such a violation). *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (1998) (liability must be based on more than right to control employees); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (supervisory liability under Section 1983 must be based on active unconstitutional behavior). This case is therefore appropriately subject to dismissal on its face.

---

[1] A claim may be dismissed *sua sponte*, without prior notice to plaintiff and without service of process on defendant, if the court explicitly states it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and if it dismisses the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                                    s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE

                                                     December 11, 2007